UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST,** <br> 1470 Worldwide Place <br> Vandalia, Ohio 45377 <br><br> and <br><br> **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST,** <br> 1470 Worldwide Place <br> Vandalia, Ohio 45377 <br><br> and <br><br> **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST,** <br> 1470 Worldwide Place <br> Vandalia, Ohio 45377 <br><br>        Plaintiffs, <br><br>     v. <br><br> **LUNDY REBAR INC.,** <br> 3645 Woodlawn Road <br> Bardstown, KY 40004 <br><br> and <br><br> **RHONDALINE JEAN CRENSHAW,** <br> 3645 Woodlawn Road <br> Bardstown, KY 40004 <br><br> and | CASE NO.  3:14-CV-345 <br><br> JUDGE <br><br> **COMPLAINT FOR VIOLATIONS OF ERISA, MONEY DAMAGES, ATTORNEYS' FEES, AND INJUNCTIVE RELIEF** |

**MATTHEW SCOTT LUNDY,**
3645 Woodlawn Road
Bardstown, KY 40004

      Defendants.

## STATEMENT OF THE CASE

1.     This is a suit brought by three employee benefit plans against an employer, Lundy Rebar Inc. ("Lundy Rebar") for its violations of Section 515 of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. The suit seeks to recover delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees, costs of this action, and equitable relief pursuant to the provisions ERISA. This suit also seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

2.     Plaintiffs have also brought this suit against Rhondaline Jean Crenshaw ("Crenshaw") and Matthew Scott Lundy ("Matt Lundy") personally, for breaching their respective fiduciary duties in violation of Section 409 of ERISA, 29 U.S.C. § 1109, and for engaging in prohibited transactions in violation of Section 406 of ERISA, 29 U.S.C. § 1106.

## PARTIES - BENEFIT TRUST

3.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** ("Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust ("Benefit Trust Agreement"), entered into on August 1, 1952, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved. The Benefit Trust Agreement is attached hereto as **Exhibit 1**. The Benefit Trust Agreement has been amended from time to time.

2

4.     The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families. The Benefit Trust is an employee welfare plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

## PARTIES - PENSION TRUST

5.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved. The Pension Trust Agreement is attached hereto as **Exhibit 2**. The Pension Trust Agreement has been amended from time to time.

6.     The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries. The Pension Trust is an employee pension plan within the meaning of Section 3(3) of ERISA, Title 29 U.S.C. § 1002(3).

## PARTIES – ANNUITY TRUST

7.     Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** ("Annuity Trust") (hereinafter the Benefit Trust, the Pension Trust, and the Annuity Trust shall be referred to collectively as the "Trusts" or "Plaintiffs"), was created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement") (hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement shall be referred to collectively as the "Trust Agreements"), entered into on April 27,

3

1971, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Annuity Trust Agreement is attached hereto as **Exhibit 3**. The Annuity Trust Agreement has been amended from time to time.

8.      The Annuity Trust was created for the purpose of providing annuity benefits for participating employees and their beneficiaries. The Annuity Trust is an employee pension plan within the meaning of Section 3(3) of ERISA, Title 29 U.S.C. § 1002(3).

<u>PARTIES – LUNDY REBAR INC.</u>

9.      Defendant **LUNDY REBAR INC.** ("Lundy Rebar") is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 respectively, having its principal place of business in the Commonwealth of Kentucky.

<u>PARTIES – RHONDALINE JEAN CRENSHAW</u>

10.     Upon information and belief, Defendant **RHONDALINE JEAN CRENSHAW** ("Crenshaw") is an owner, President, and/or a principal officer of Lundy Rebar.

11.     Crenshaw is a fiduciary to the Trusts within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that she exercises or that she has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to the Trusts.

<u>PARTIES – MATTHEW SCOTT LUNDY</u>

12.     Upon information and belief, Defendant **MATTHEW SCOTT LUNDY** ("Matt Lundy") is an owner, Vice President, and/or a principal officer of Lundy Rebar.

13.     Matt Lundy is a fiduciary to the Trusts within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that he exercises or that he has exercised discretionary

authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to the Trusts.

## JURISDICTION AND VENUE

14.     The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3), (e)(1), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), and (g)(2) respectively, which provide that the United States District Courts shall have exclusive jurisdiction, without regard to the amount in controversy, or the citizenship of the parties, to enforce the provisions of ERISA, or the terms of the plan, or to remedy violations of Section 515 of ERISA, 29 U.S.C. § 1145.

15.     The principal place of operation and administration of the Trusts is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1).

16.     This action is properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a district court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

## STANDING

17.     Pursuant to Section 502(d)(1) of ERISA, 29 U.S.C.§ 1132(d)(1), the Trusts may sue, as entities, for the relief sought in this case.

## PLAINTIFFS ARE MULTIEMPLOYER PLANS
## WITHIN THE MEANING OF ERISA

18.     The Trusts are maintained pursuant to one or more CBAs between one or more labor organizations and more than one employer. Said CBAs require more than one employer to

contribute to the Trusts. Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

## THE PARTICIPATION AGREEMENT

19.     At all times relevant to this action Lundy Rebar has been party to one or more agreements, known as the "Participation Agreement," with the Trusts, whereby Lundy Rebar agreed to do the following:

    i.    …to accept, to be bound by, and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Benefit Trust, the Pension Trust, and the Annuity Trust, as follows: (a) [t]he Agreement and Declaration of Trust, dated August 1, 1952, and establishing the Benefit Trust, as amended, and as thereafter amended; (b) [t]he Agreement and Declaration of Trust, dated October 30, 1962, establishing the Pension Trust, as amended, and as hereafter amended; and (c) [t]he Agreement and Declaration of Trust, dated April 27, 1971, establishing the Annuity Trust, as amended, and as hereafter amended;

and

    ii.    …to contribute to the Benefit Trust, the Pension Trust, and the Annuity Trust at the contribution rates contained [by collective bargaining agreements with the International Association of Bridge, Structural, and Ornamental Iron Workers, or its local unions, covering the Defendant's employees]…

A copy of Lundy Rebar's Participation Agreement is attached hereto as **Exhibit 4** to this Complaint.

20.     Pursuant to the Trust Agreements, Lundy Rebar is bound to the Trusts' collection and delinquency procedures, as amended by the Trusts' Board of Trustees from time to time.

## RELEVANT COLLECTIVE BARGAINING AGREEMENT

21.     At all times relevant to this suit, Lundy Rebar been bound to the terms of one or more CBAs with Iron Workers Local No. 70, Louisville, Kentucky which is a Participating Union

affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers agreements (collectively the "Iron Workers Labor Agreement").

22.     The Iron Workers Labor Agreement establishes the wages, hours, and terms and conditions of employment of Lundy Rebar's bargaining unit employees covered thereunder.

23.     The Iron Workers Labor Agreement requires Lundy Rebar to contribute a certain amount of money per hour to the Trusts for each hour that it employs one of the Trusts' participants.

24.     The Iron Workers Labor Agreement obligates Lundy Rebar to make contributions to multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

25.     Section 515 of ERISA, 29 U.S.C. § 145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

## COUNT I –LUNDY REBAR IS DELINQUENT WITH ITS FRINGE BENEFIT CONTRIBUTIONS TO THE TRUSTS IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145

26.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are realleged as if fully restated herein.

27.     Lundy Rebar is bound to the Participation Agreement, the Iron Workers Labor Agreement, and the Trust Agreements

28.     Upon information and belief, Lundy Rebar has employed workers in the crafts and or work classifications covered by the Iron Workers Labor Agreement.

29.     Lundy Rebar is required to pay such workers in accordance with the wages, hours, and terms and conditions of employment set forth in the Iron Workers Labor Agreement.

30.     Among the terms and conditions of employment in the Iron Workers Labor Agreement is the requirement that Lundy Rebar make employer fringe benefit contributions to the Trusts on behalf of covered employees.

31.     Upon information and belief, Lundy Rebar has failed and refused to make required employer fringe benefit contributions to the Trusts on behalf of its covered employees, as required by the Trust Agreements and the Iron Workers Labor Agreement.  Therefore, Lundy Rebar is delinquent to the Trusts with its fringe benefit contributions in violation of the Trust Agreements and the Iron Workers Labor Agreement.

32.     Lundy Rebar is required to return monthly reporting forms to the Trusts, indicating the number of hours its employees worked in covered employment each month. These monthly reporting forms allow the Trusts to calculate the fringe benefit contributions due and owed.

33.     Upon information and belief, Lundy Rebar has failed and/or refused to return copies of monthly reporting forms for May 2014, June 2014, July 2014, and August 2014, notwithstanding the fact that it has employed individuals in the work crafts and/or classifications set forth in the Iron Workers Labor Agreement for which employer fringe benefit contributions are due.

34.     Lundy Rebar's failure and refusal to make employer fringe benefit contributions to the Trusts is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

35.     Lundy Rebar's failure and refusal to return all required hourly reports to the Trusts is a further violation of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

<u>THE BENEFIT TRUST'S CLAIMS AGAINST LUNDY REBAR</u>

36.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

37.     Article III of the Benefit Trust Agreement, to which Lundy Rebar has agreed to be bound, by virtue of signing the Participation Agreement, requires that Lundy Rebar make such fringe benefit contributions to the Benefit Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

38.     Lundy Rebar has failed and refused to make employer fringe benefit contributions to the Benefit Trust as is required by the Iron Workers Labor Agreement.

39.     As a result of Lundy Rebar's failure and refusal to make employer fringe benefit contributions to the Benefit Trust, pursuant to Article III, Section 2 of the Benefit Trust Agreement, Lundy Rebar owes to the Benefit Trust liquidated damages and pre-judgment interest, which have not been paid.

40.     As of September 24, 2014, based on the documents and information that Lundy Rebar has provided to the Trusts, Lundy Rebar owes the Benefit Trust **$20,390.64** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows:

| | |
|---|---|
| **Delinquent employer contributions:** | **$13,615.85** |
| **Liquidated damages:** | **$5,635.85** |
| **Pre-judgment interest:** | **$1,138.94** |

and the Benefit Trust has been forced to bring this legal action to collect the delinquent amounts owed by Lundy Rebar, and the Benefit Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

41.     Upon information and belief, the Benefit Trust alleges that Lundy Rebar owes additional amounts in delinquent contributions, liquidated damages, and pre-judgment interest based on

other hourly reports that Lundy Rebar has failed and or refused to produce in violation of its obligation under the Participation Agreement and under the Benefit Trust Agreement.

<u>PENSION TRUST'S CLAIMS AGAINST LUNDY REBAR</u>

42.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

43.     Article VIII of the Pension Trust Agreement, to which Lundy Rebar has agreed to be bound, by virtue of signing the Participation Agreement, requires that it makes such fringe benefit contributions to the Pension Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

44.     Lundy Rebar has failed and refused to make employer fringe benefit contributions to the Pension Trust as required by the Iron Workers Labor Agreement.

45.     As a result of Lundy Rebar's failure and refusal to make employer fringe benefit contributions to the Pension Trust, pursuant to Article VIII, Section 2 of the Pension Trust Agreement, Lundy Rebar owes to the Pension Trust liquidated damages and pre-judgment interest, which have not been paid.

46.     As of September 124, 2014, based on the documents and information that that Lundy Rebar has provided to the Trusts, Lundy Rebar owes the Pension Trust **$28,412.76** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows:

| | |
|---|---|
| **Delinquent employer contributions:** | **$19,032.68** |
| **Liquidated damages:** | **$7,820.50** |
| **Pre-judgment interest:** | **$1,559.58** |

and the Pension Trust has been forced to bring this legal action to collect the delinquent amounts owed by Lundy Rebar, and the Pension Trust is entitled to its costs and reasonable attorneys' fees

pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

47.     Upon information and belief, the Pension Trust alleges that Lundy Rebar owes additional amounts in delinquent contributions, liquidated damages, and pre-judgment interest based on other hourly reports that Lundy Rebar has failed and or refused to produce in violation of its obligation under the Pension Trust Agreement and under the Participation Agreement.

### ANNUITY TRUST'S CLAIMS AGAINST LUNDY REBAR

48.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

49.     Article VIII of the Annuity Trust Agreement, to which Lundy Rebar has agreed to be bound, by virtue of signing the Participation Agreement, requires that Lundy Rebar make such fringe benefit contributions to the Annuity Trust as shall be provided by the terms of the Iron Workers Labor Agreement previously alleged.

50.     Lundy Rebar has failed and refused to make employer contributions to the Annuity Trust as required by the Iron Workers Labor Agreement.

51.     As a result of Lundy Rebar's failure and refusal to make employer fringe benefit contributions to the Annuity Trust, pursuant to Article VIII, Section 2 of the Annuity Trust Agreement, Lundy Rebar owes to the Annuity Trust liquidated damages and pre-judgment interest, which have not been paid.

52.     As of September 24, 2014, based on the documents and information that Lundy Rebar has provided to the Trusts, Lundy Rebar owes the Annuity Trust **$12,977.54** in delinquent employer contributions, liquidated damages, and pre-judgment interest as follows:

**Delinquent employer contributions:**            **$8,628.34**

| | |
|---|---|
| **Liquidated damages:** | **$3,626.68** |
| **Pre-judgment interest:** | **$722.52** |

and the Annuity Trust has been forced to bring this legal action to collect the delinquent amounts owed by Lundy Rebar, and the Annuity Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

53.     Upon information and belief, the Annuity Trust alleges that Lundy Rebar owes additional amounts in delinquent contributions, liquidated damages, and pre-judgment interest based on other hourly reports that Lundy Rebar has failed and or refused to produce in violation of its obligation under the Pension Trust Agreement and under the Participation Agreement.

THE TRUSTS' CLAIM FOR INJUNCTIVE RELIEF FROM DEFENDANT LUNDY REBAR

54.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

55.     Pursuant to Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement, Lundy Rebar is required to allow the Trusts' authorized agent access to their payroll records for the purpose of a payroll audit.

56.     The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), through the issuance of an order requiring Lundy Rebar to provide access to such records if the Trusts should determine an audit is necessary.

**COUNT II – CRENSHAW'S BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109**

57.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

58.    Upon information and belief, Crenshaw is Lundy Rebar's principal shareholder.

59.    Upon information and belief, Crenshaw has a controlling ownership interest in Lundy Rebar.

60.    Upon information and belief, Crenshaw is the President and/or principal officer responsible for Lundy Rebar.

61.    Upon information and belief, Crenshaw has authority to contractually bind Lundy Rebar.

62.    Upon information and belief, Crenshaw has authority to spend money on behalf of Lundy Rebar.

63.    Upon information and belief, Crenshaw is authorized to sign checks on behalf of Lundy Rebar.

64.    Upon information and belief, Crenshaw chose to pay other creditors, including herself, rather than contributions owed to the Trusts by Lundy Rebar.

65.    Pursuant to Article I, Section 6 of the Benefit Trust Agreement and Article III, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, Employer Contributions "are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

66.    Pursuant to Article I, Section 15 of the Benefit Trust Agreement and Article III, Section 15 of the Pension Trust Agreement and Annuity Trust Agreement, "Fund Assets" include:

> [T]he sums of money that have been or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law.

67.     Pursuant to Article III, Section 10 of the Benefit Trust Agreement and Article VIII and Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, a contributing employer's owners, officers, employees, agents, and/or representatives may be held personally liable for failing to make or pay Employer Contributions, providing as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

68.     Upon information and belief, at all relevant times herein, Crenshaw had the power and authority to pay Lundy Rebar's creditors, including the Trusts.

69.     Upon information and belief, at all relevant times Crenshaw exercised her authority and control with respect to Lundy Rebar's finances, including making determinations as to which creditors would be paid and in what order.

70.     Upon information and belief, at all relevant times Crenshaw directly and personally determined that Lundy Rebar would not pay the Trusts' owed fringe benefit contributions.

71.     Upon information and belief, Crenshaw determined that Lundy Rebar's assets and monies would be used to pay other creditors, expenses, diverted to the general assets of Lundy Rebar, or used for other purposes, besides paying its fringe benefit contributions to the Trusts.

72.     Upon information and belief, at all relevant times Crenshaw directly and personally determined that the Lundy Rebar's assets would be used for purposes other than the sole and exclusive purpose of providing benefits to the Trusts' participants and beneficiaries, defraying the Trusts' expenses, and paying the Trusts' contributions.

73.     Upon information and belief, Crenshaw was a fiduciary under the Trust Agreements and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because she exercised authority and control over Lundy Rebar and its financial assets, which could have been used to pay the Trusts' contributions. Lundy Rebar's financial assets have not been applied to the Trusts' contributions which remain outstanding in full.

74.     Crenshaw owes fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

75.     Upon information and belief, Crenshaw grossly and deliberately breached her fiduciary duties to the Trusts by failing to remit employer contributions to the Trusts, and by diverting such contributions for other purposes.  In so doing, Crenshaw:

> failed to discharge her fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D); caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

76.     Upon information and belief, by the aforementioned acts, errors, and omissions described herein, Crenshaw has breached her fiduciary duties to the Trusts.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Crenshaw is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

## COUNT III – CRENSHAW ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTIONS

77.    The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

78.    Crenshaw, in her capacity as a fiduciary to the Trusts and as an officer/shareholder of Lundy Rebar, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

79.    Lundy Rebar is required to contribute to the Trusts, bound to the Trust Agreements, bound to the Participation Agreement, and bound to the Iron Workers Labor Agreement, as set forth above, and is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

80.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from the Trusts that could have been applied to satisfy Lundy's delinquent fringe benefit contributions to the Trusts, Crenshaw dealt with the Trusts' assets in her own interest or account or in the related interest or account of Lundy Rebar over which she has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

81.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from the Trusts for her own interest or for the related interest of Lundy Rebar, Crenshaw engaged in prohibited transactions under ERISA.

## COUNT IV – MATT LUNDY'S BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

82.    The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

83.    Upon information and belief, Matt Lundy is a principal Lundy Rebar shareholder.

16

84.     Upon information and belief, Matt Lundy has a 49% ownership interest in Lundy Rebar.

85.     Upon information and belief, Matt Lundy is Vice President and/or a principal officer responsible for Lundy Rebar.

86.     Upon information and belief, Matt Lundy has authority to contractually bind Lundy Rebar.

87.     Upon information and belief, Matt Lundy has authority to spend money on behalf of Lundy Rebar.

88.     Upon information and belief, Matt Lundy is authorized to sign checks on behalf of Lundy Rebar.

89.     Upon information and belief, Matt Lundy chose to pay other creditors, including himself, rather than fringe benefit contributions owed to the Trusts by Lundy Rebar.

90.     Upon information and belief, at all relevant times herein, Matt Lundy had the power and authority to pay Lundy Rebar's creditors, including the Trusts.

91.     Upon information and belief, at all relevant times Matt Lundy exercised his authority and control with respect to Lundy Rebar's finances, including making determinations as to which creditors would be paid and in what order.

92.     Upon information and belief, at all relevant times Matt Lundy directly and personally determined that Lundy Rebar would not pay the Trusts' fringe benefit contributions.

93.     Upon information and belief, Matt Lundy determined that Lundy Rebar's assets and monies would be used to pay other creditors, expenses, diverted to the general assets of Lundy Rebar, or used for other purposes, besides paying its fringe benefit contributions to the Trusts.

94.     Upon information and belief, at all relevant times Matt Lundy directly and personally determined that the Lundy Rebar's assets would be used for purposes other than the sole and

exclusive purpose of providing benefits to the Trusts' participants and beneficiaries, defraying the Trusts' expenses, and paying the Trusts' fringe benefit contributions.

95.     Upon information and belief, Matt Lundy was a fiduciary under the Trust Agreements and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because he exercised authority and control over Lundy Rebar and its financial assets, which could have been used to pay the Trusts' contributions. Lundy Rebar's financial assets have not been applied to the Trusts' fringe benefit contributions which remain outstanding in full.

96.     Matt Lundy owes fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

97.     Upon information and belief, Matt Lundy grossly and deliberately breached his fiduciary duties to the Trusts by failing to remit employer contributions to the Trusts, and by diverting such contributions for other purposes.  In so doing, Matt Lundy:

> failed to discharge her fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D); caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

98.     Upon information and belief, by the aforementioned acts, errors, and omissions described herein, Matt Lundy has breached his fiduciary duties to the Trusts.  Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Matt Lundy is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

## COUNT V – MATT LUNDY ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTIONS

99.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

100.    Matt Lundy, in his capacity as a fiduciary to the Trusts and as an officer/shareholder of Lundy Rebar, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

101.    Lundy Rebar is required to contribute to the Trusts, bound to the Trust Agreements, bound to the Participation Agreement, and bound to the Iron Workers Labor Agreement, as set forth above, and is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

102.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer contributions and other monies from the Trusts that could have been applied toward contributions to the Trusts, Matt Lundy dealt with the Trusts' assets in his own interest or account or in the related interest or account of Lundy Rebar over which he has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

103.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions and other monies from the Trusts for his own interest or for the related interest of Lundy Rebar, Matt Lundy engaged in prohibited transactions under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this honorable Court grant them the following relief:

**AS TO DEFENDANT LUNDY REBAR INC.:**

1.      A declaratory order finding Lundy Rebar Inc. is bound to the Iron Workers Labor Agreement, the Trust Agreements, and the Participation Agreement.

2.      A monetary judgment against Lundy Rebar in favor of Plaintiffs in the amount of $61,780.94 for all unpaid contributions, liquidated damages, and pre-judgment interest.

3.      A monetary judgment against Lundy Rebar in favor of Plaintiffs for Plaintiffs' attorneys' fees and other costs of this action.

4.      That a permanent injunction against Lundy Rebar be issued pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

5.      A declaratory order from this Court requiring Lundy Rebar to timely submit all missing contribution reports, and to timely submit all such reports in the future in accordance with the terms set forth in the Trust Agreements and Participation Agreement.

6.      A monetary judgment against Lundy Rebar in favor or Plaintiffs for all unpaid fringe benefit contributions, interest, and liquidated damages owed under all missing contribution reports.

7.      A declaratory order from this Court requiring Lundy Rebar to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, should the Trusts determine such an audit is necessary.

8.      A monetary judgment against Lundy Rebar in favor or Plaintiffs for all unpaid contributions, interest, and liquidated damages found owing after any payroll audit is performed.

9.     A declaratory order directing disgorgement of all ill-gotten gains by Lundy Rebar, including for employer fringe benefit contributions that have been wrongfully withheld from the Trusts.

10.     Post-judgment interest pursuant to 28 U.S.C. § 1961.

11.     Such other legal or equitable relief as this Court deems appropriate.

**AS TO RHONDALINE JEAN CRENSHAW AND MATTHEW SCOTT LUNDY:**

12.     A declaratory order finding that Rhondaline Jean Crenshaw and Matthew Scott Lundy have breached their fiduciary duties owed to the Trusts.

13.     A declaratory order finding that Crenshaw and Matt Lundy have engaged in prohibited transactions under ERISA.

14.     A declaratory order finding that Crenshaw and Matt Lundy are jointly and severally liable, together with Lundy Rebar, to reimburse the Trusts for all losses resulting from each such fiduciary breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including all delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorneys' fees.

15.     A monetary judgment against Crenshaw and Matt Lundy in favor of Plaintiffs in the amount of $61,780.94 for known unpaid fringe benefit contributions, interest, and liquidated damages.

16.     A monetary judgment against Crenshaw and Matt Lundy in favor of Plaintiffs for Plaintiffs' attorneys' fees and other costs of this action.

17.     A declaratory order directing an accounting of all of Lundy Rebar's delinquent fringe benefit contributions that have not been paid to the Trusts due to Crenshaw's and/or Matt Lundy's orders or direction, and an payroll audit of all losses suffered by the Trusts and their

participants as a result of Crenshaw's and/or Matt Lundy's fiduciary breaches and prohibited transactions, with the costs of such accounting to be paid by Crenshaw and Matt Lundy should the Trusts determine such an accounting is necessary.

18.    A monetary judgment against Crenshaw and Matt Lundy in favor or Plaintiffs for all unpaid fringe benefit contributions, liquidated damages, and pre-judgment interest found owing from the payroll audit, if a payroll audit is performed and discovers unpaid damages.

19.    A monetary judgment against Crenshaw and Matt Lundy in favor or Plaintiffs for all unpaid fringe benefit contributions, liquidated damages, and pre-judgment interest owed under all missing contribution reports.

20.    A monetary order directing Crenshaw and Matt Lundy to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' governing plan documents, as a result of their breaches of fiduciary duty and prohibited transactions.

21.    A declaratory order directing disgorgement of all ill-gotten gains by Crenshaw and Matt Lundy, including employer fringe benefit contributions that have been wrongfully withheld from the Trusts.

22.    Post-judgment interest pursuant to 28 U.S.C. § 1961.

23.    Such other relief as the Court may deem equitable and just under the circumstances.

24.    The Trusts would request that this Court retain jurisdiction over this Case pending Lundy Rebar's, Crenshaw's and Matt Lundy's compliance with its orders.

Respectfully submitted,

 /s/ Joseph C. Hoffman, Jr.
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
Joseph D. Mando (Ohio Reg. No. 0082835)
Matt Hurm (Ohio Reg. No. 0088818)
Faulkner, Hoffman & Phillips, LLC
One International Place
20445 Emerald Parkway Dr., Suite 210
Cleveland, Ohio 44135-6029
Phone: (216) 781-3600
Fax:    (216) 781-8839
Email: hoffman@fmplaw.com
Email: mando@fhplaw.com
Email: hurm@fhplaw.com

Attorneys for Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2014, a copy of the foregoing complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

                    Secretary of the Treasury
                    Internal Revenue Service
                    1111 Constitution Avenue, N.W., Room 4428
                    Washington, D.C. 20224
                    Attention:     Employee Plans

                    Secretary of Labor
                    200 Constitution Avenue, N.W.
                    Washington, D.C. 20210
                    Attention:     Assistant Solicitor for
                                      Plan Benefits Security

                            Respectfully submitted,

                          /s/ Joseph C. Hoffman, Jr.
                        Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)